UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MILORD GELIN,

                Petitioner,

    v.

PATRICK GLEBE,

                Respondent.

Case No. C13-2239-JCC-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Milord Gelin is a state prisoner who is currently confined at the Washington Corrections Center in Shelton, Washington. He seeks relief under 28 U.S.C. § 2254 from a 2010 King County Superior Court judgment and sentence. Respondent has filed an answer responding to petitioner's federal habeas claim, and has submitted relevant portions of the state court record.[1] This Court, having carefully reviewed petitioner's petition, respondent's answer, and

---

[1] Respondent, in his notice of submission of the state court record, indicates that he has submitted transcripts of all but one day of trial. (*See* Dkt. 24 at 2.) In fact, it appears that respondent submitted a transcript of *only* one day of trial. That transcript is identified as Volume VII, and it contains a discussion between the court and counsel regarding jury instructions, the reading of the jury instructions, and closing arguments. (*See id*. and Dkt. 25, Ex. 22.) It appears that this portion of the transcript is sufficient given the claim raised by petitioner in his federal habeas petition.

REPORT AND RECOMMENDATION - 1

the balance of the record, concludes that petitioner's petition for writ of habeas corpus should be denied and this action should be dismissed with prejudice.

## FACTUAL/PROCEDURAL BACKGROUND

The Washington Court of Appeals, on direct appeal, summarized the facts of petitioner's crimes as follows:

> Milord Gelin and Laurie Williams had a romantic relationship and lived together for a period of time. They eventually separated. In 2009, Williams woke up to find Gelin in her bedroom. Williams testified that Gelin hit her several times with what she believed to be a hammer. Williams's teenage daughter testified that she heard her mother screaming and saw Gelin run out of her mother's bedroom. Gelin then drove away from Williams's home in Williams's car.
>
> The State charged Gelin with first degree burglary, attempted first degree murder, first degree assault, and theft of a motor vehicle. The jury convicted Gelin of all of the crimes except attempted first degree murder. By special verdicts, the jury also found that Gelin was armed with a deadly weapon at the time of the commission of the burglary and assault. The jury also found that the burglary and assault were aggravated domestic violence offenses.

(Dkt. 25, Ex. 2 at 2.)

The trial court imposed a sentence of nine months on the theft of a motor vehicle charge, and exceptional sentences of 82 months on the burglary charge and 252 months on the assault charge, those terms to be served concurrently. (*See id.*, Ex. 1 at 4.) The trial court also imposed two 24 month deadly weapon enhancements, those terms to be served consecutive to each other and to the term imposed on the substantive counts, for a total sentence of 300 months. (*See id.*)

Petitioner appealed his conviction and sentence to the Washington Court of Appeals. Petitioner, through counsel, argued that the jury instructions failed to make the unanimity requirement for the jury's findings on the special verdict forms manifestly clear and that the sentence enhancements must therefore be reversed. (*Id.*, Ex. 3.) In a statement of additional

REPORT AND RECOMMENDATION - 2

grounds, petitioner asserted claims of ineffective assistance of trial and appellate counsel. (*See* Dkt. 25, Ex. 5.) On September 17, 2012, the Washington Court of Appeals issued an unpublished opinion affirming petitioner's judgment and sentence. (*Id*., Ex. 2.) Petitioner filed a *pro se* motion for reconsideration, which was denied on October 31, 2012. (*Id*., Exs. 7 and 8.)

Petitioner next filed a *pro se* petition for review in the Washington Supreme Court, arguing again that the jury instructions failed to make the unanimity requirement for the jury's findings on the special verdict forms manifestly clear. (*Id*., Ex. 9.) The Supreme Court denied petitioner's petition for review without comment on March 3, 2013, and the Court of Appeals issued its mandate terminating direct review on June 7, 2013. (*Id*., Exs. 10 and 11.) The United States Supreme Court denied petitioner's petition for a writ of certiorari on October 7, 2013. (*Id*., Ex. 12.)

On October 2, 2013, petitioner was resentenced, apparently in response to the state's motion to correct a scrivener's error in the original judgment and sentence. (*See id*., Exs. 1 and 13.) Petitioner thereafter appealed his amended judgment and sentence. (*See id*., Ex. 14.) On June 15, 2015, the Washington Court of Appeals issued an unpublished opinion affirming the amended judgment and sentence. (*Id*., Ex. 18.) Petitioner sought discretionary review by the Washington Supreme Court, and the court denied review without comment on February 16, 2016. (*Id*., Exs. 19 and 20.)

Petitioner filed his federal habeas petition on December 16, 2013, and the petition was ordered served on respondent. (*See* Dkts. 1 and 9.) Respondent thereafter moved to stay and abey petitioner's federal habeas petition after discovering that petitioner still had an appeal pending in the state courts. (Dkt. 12.) Respondent's motion was granted, and the case was stayed until August 2, 2016, when this Court issued an Order lifting the stay after being notified

REPORT AND RECOMMENDATION - 3

that petitioner's state court proceedings had concluded. (Dkts. 14 and 18.) Respondent filed his answer to petitioner's federal habeas petition on September 22, 2016. (Dkt. 23.) Petitioner elected not to file a response, and this matter is now ripe for review.

## GROUND FOR RELIEF

Petitioner identified a single ground for relief in his federal habeas petition:

THE PETITIONER'S CONVICTION WAS A DIRECT RESULT OF FAULTY JURY INSTRUCTIONS, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS.

(*See* Dkt. 7 at 9.)

## DISCUSSION

Respondent concedes that petitioner has exhausted his state remedies with respect to the claim asserted in his petition, but argues that petitioner's challenge to the jury instructions used in his case is without merit.

### Standard of Review for Exhausted Claims

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or if the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state

REPORT AND RECOMMENDATION - 4

court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *See Williams*, 529 U.S. at 407-09. "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted). A state court's decision may be overturned only if the application is "objectively unreasonable." *Id*.

Clearly established federal law, for purposes of AEDPA, means "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Id*. at 71-72. "If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law." *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004) (citing *Dows v. Wood*, 211 F.3d 480, 485-86 (9th Cir. 2000)).

In considering a habeas petition, this Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). If a habeas petitioner challenges the determination of a factual issue by a state court, such determination shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

<u>Jury Instructions</u>

Petitioner asserts that the jury instructions in his case were erroneous because they failed to make the unanimity requirement for the jury's findings on the special verdict forms manifestly clear. Petitioner argues that when asked to make a finding on a special verdict form for a sentencing enhancement allegation, the jury must be instructed that it need not be unanimous in

REPORT AND RECOMMENDATION - 5

order to answer "no" on the form. Petitioner relies on the Washington Supreme Court's decision in *State v. Bashaw*, 169 Wn.2d 133 (2010), to support this argument. In *Bashaw*, the court held that though jury unanimity was required to find the presence of a special finding on a sentencing enhancement, jury unanimity was not required to find the absence of a special finding. *Id*. at 147. The court concluded that the jury instruction in that case which stated that jury unanimity was required for either determination was erroneous. *Id*. In reaching this conclusion, the court relied on the "nonunanimity rule" it had previously adopted in *State v. Goldberg*, 149 Wn.2d 888 (2003). *See id*. at 145-47.

Petitioner acknowledges that the trial court in his case was aware of *Bashaw* and attempted to accommodate it in instructing the jury with respect to the special verdict forms for the deadly weapon sentence enhancement and the domestic violence aggravator allegations. (*See* Dkt. 7-1 at 12.) Petitioner argues, however, that the instructions pertaining to the special verdict forms (instructions 44 and 46) did not make the nonunanimity rule "manifestly clear" because those instructions conflicted with other instructions that, in petitioner's view, suggested *any* decision rendered on the special verdict forms must be unanimous. (*See id*. at 13-14.) Petitioner contends that this lack of clarity in the instructions violated his federal constitutional rights.

The Washington Court of Appeals rejected petitioner's challenge to the jury instructions on appeal from his original judgment and sentence. The court explained its conclusion as follows:

> Gelin argues that the jury instructions for the special verdict forms failed to make the nonunanimity rule manifestly clear. Because that rule no longer has any force or effect, we disagree.
>
> . . . .

REPORT AND RECOMMENDATION - 6

As to the nonunanimity rule, since Gelin filed his brief, the supreme court overruled <u>Goldberg</u> and portions of <u>Bashaw</u> that adopted the nonunanimity rule. The nonunanimity rule states that the jury need not be unanimous to reject an aggravating circumstance on a special verdict form. But, in <u>Nuñez</u>, the supreme court rejected this rule, concluding that it "conflicts with statutory authority, causes needless confusion, does not serve the policies that gave rise to it, and frustrates the purpose of jury unanimity." In reaching this decision, the <u>Nuñez</u> court noted that the Legislature "intended complete unanimity to impose or reject an aggravator" under the Sentencing Reform Act.

Relying on <u>Bashaw</u> and <u>Goldberg</u>, Gelin argues that the special verdict instructions conflicted with the general jury instructions and thus did not make the nonunanimity rule "manifestly clear" to the average juror. But <u>Nuñez</u> rejected the nonunanimity rule. Thus, even if we assume that Gelin's argument is correct, it is not persuasive because it is premised on law that has since been overruled. The law requires unanimity both as to the presence or absence of aggravating factors. In sum, there was no prejudicial error.

(Dkt. 25, Ex. 2 at 3-5.)

State courts are the ultimate expositors of their own law, and their construction of state law is binding on the federal courts. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). A federal habeas court must therefore defer to the state court's interpretation of state law. *Id*. *See also Estelle v. McGuire*, 502 U.S. 62 (1991) (It is not the province of federal habeas courts to re-examine state court conclusions regarding matters of state law). Though petitioner presents his jury instruction claim as one implicating federal constitutional concerns, his argument is entirely based on an interpretation of state law that is beyond the purview of this federal habeas court. The Washington Court of Appeals' conclusion that petitioner's jury instruction challenge fails because the state law upon which it was based has been overruled is entitled to deference. Petitioner has identified no Supreme Court precedent that requires a different result. This Court is unaware of any Supreme Court precedent mandating application of the nonunanimity rule in circumstances such as those presented here and, in fact, relevant precedent appears to support the rule announced in *Nuñez* and applied by the Washington Court of Appeals in petitioner's case.

REPORT AND RECOMMENDATION - 7

*See Jones v. United States*, 527 U.S. 373, 382 (1990).  For these reasons, petitioner's constitutional challenge to the jury instructions should be denied.

## Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this case.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's petition for writ of habeas corpus be denied and that this action be dismissed with prejudice.  This Court also recommends that a certificate of appealability be denied.  A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed

REPORT AND RECOMMENDATION - 8

within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 9, 2016**.

DATED this 17th day of November, 2016.

　　　　　　　　　　　　　　　　　　／s／ Mary Alice Theiler
　　　　　　　　　　　　　　　　　　Mary Alice Theiler
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

REPORT AND RECOMMENDATION - 9